FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

WEXLER, J.

LINDSAY, M.J.

12-4477

| | |
|---|---|
| NABI RASUL, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WORLDWIDE ASSET | ) |
| PURCHASING II, LLC and COHEN | ) |
| & SLAMOWITZ, LLP, | ) |
| | ) |
| Defendants. | ) |
| | ) |

No.

COMPLAINT
JURY TRIAL DEMANDED

1.      This is an action for damages brought by an individual consumer against Defendants  Worldwide Asset Purchasing II, LLC and Cohen & Slamowitz, LLP for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and common law claims.

## PARTIES

2.      Plaintiff Nabi Rasul is an adult individual and citizen of the State of New York residing at 7 Manor Sites, Cohoes, New York 12047.

3.      Defendant Worldwide Asset Purchasing II, LLC ("Worldwide") is a business entity which regularly conducts business in the Eastern District of New York, an which has a principal place of business located at 702 King Farm Boulevard, Rockville, Maryland 20850. The principal purpose of Worldwide is the collection of debts already in default using the mails and telephone, and Worldwide regularly attempts to collect said debts.

4.      Defendant Law Office of Cohen & Slamowitz ("C&S") is a business entity and which regularly conducts business in the Eastern District of New York, and which has a principal place of business located at 199 Crossways Park Drive, Woodbury, NY 11797.  The principal purpose of C&S is the collection of debts already in default using the mails and telephone, and C&S regularly attempts to collect said debts.

## JURISDICTION & VENUE

5.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

6.      Venue lies properly in this district under 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7.      At all pertinent times hereto, Defendants Worldwide and C&S were hired to collect a debt relating to a Bank of America credit card falsely opened in Plaintiff's name as a result of identity theft (the "debt").

8.      The debt arises out of a series of transactions which were primarily for personal, family or household purposes.

9.      Plaintiff has repeatedly advised Bank of America and Defendants that the account was the result of identity theft since Plaintiff became aware of the existence of the account in 2008.

10.     Notwithstanding the above, Worldwide began to falsely report the debt to credit reporting agencies as belonging to Plaintiff.

2

11.     Moreover, and unbeknownst to Plaintiff, Worldwide, by and through its agents and attorneys C&S, filed a lawsuit against Plaintiff in February 2012, falsely alleging that Plaintiff was in default on his debt obligations in the City Court of City of Cohoes, Docket Number CV029810/10 (the "Lawsuit"), despite having notice that the account was opened as a result of identity theft.

12.     Worldwide and C&S lacked probable cause to file the lawsuit because Defendants knew or should have known that Plaintiff was not responsible for the debt.

13.     The filing of the lawsuit by Worldwide and C&S served no purpose other than to harass Plaintiff in order to force him to pay a debt that he was not even responsible to pay.

14.     In or around March 2012, Worldwide and C&S then dismissed the lawsuit acknowledging that the account was fraudulent opened.

15.     Defendants acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

16.     Defendants acted in a false, deceptive, misleading and unfair manner by misrepresenting the amount, character or legal status of the debt.

17.     Defendants acted in a false, deceptive, misleading and unfair manner by taking legal action that cannot legally be taken.

3

18.     Defendants acted in a false, deceptive, misleading and unfair manner by communicating or threatening to communicate to any person credit information which is known or which should be known to be false

19.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

20.     Defendants knew or should have known that their actions violated the FDCPA and state law as set forth below.  Additionally, Defendants could have taken steps necessary to bring it and its agents' actions within compliance of the FDCPA and state law but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

21.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

22.     At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

4

## COUNT I – WORLDWIDE & C&S
## VIOLATIONS OF THE FDCPA

23.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24.    Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

25.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26.    The above contacts by Defendants were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

27.    Defendants violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and as evidenced by the following conduct:

(a) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

(b) The false representation of the amount, character or legal status of a debt;

(c) Taking legal action that cannot legally be taken;

(d)  Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

5

(e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

28.    Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

29.    As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney fees and costs.

## COUNT II – WORLDWIDE & C&S
## ABUSE OF PROCESS

30.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31.    Defendants instituted a civil proceeding against Plaintiff as stated more fully above.

32.    Thereafter, having knowledge that the underlying debt was not Plaintiff's responsibility, but was in fact the result of fraud, Defendants in a knowing and wrongful manner proceeded to institute the above stated lawsuit against Plaintiff thus causing substantial harm to Plaintiff's reputation.

33.    Defendants used the legal proceeding in this manner for a wrongful purpose for which the proceedings were not designed to accomplish including but not limited to harassing Plaintiff and involuntarily forcing Plaintiff into paying for a debt which he not responsible to pay.

6

34.     Defendants as such acted in a knowing, willful, reckless, malicious and/or grossly negligent manner for purposes other than adjudicating the claims for which the proceeding were  brought as described above.

35.     The conduct of Defendants were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above.

36.     Defendants are thus liable to Plaintiff for all actual and punitive damages as well as such further relief, as may be permitted by law.

COUNT III – WORLDWIDE & C&S
MALICIOUS PROSECUTION

37.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38.     Defendants wrongfully initiated a civil action against Plaintiff as stated more fully above.

39.     In or around March 2012, said suit was terminated in Plaintiff's favor.

40.     Defendants lacked probable cause to prosecute the action as described above.

41.     Defendants' continued prosecution of the lawsuit against Plaintiff was also not in an effort to bring the rightful debtor to pay his or her obligation.  Indeed, Defendants pursued the action even after having received repeated notification from Plaintiff that the debt was the result of identity theft.

7

42.     Defendants as such acted in a knowing, willful, reckless, malicious and/or grossly negligent manner for purposes other than adjudicating the claims for which the proceeding were  brought as described above.

43.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above.

44.     Defendants are thus liable to Plaintiff for all actual and punitive damages, as well as such further relief, as may be permitted by law.

<u>JURY TRIAL DEMAND</u>

45.     Plaintiff demands trial by jury on all issues so triable.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney fees; and

8

(e)    Such other and further relief as may be necessary, just and

proper.

Dated: September 7, 2012
New York, New York

Respectfully submitted,

BROMBERG LAW OFFICE, P.C.

BY: _____
Brian L. Bromberg

Attorneys for Plaintiff
Brian L. Bromberg
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
Tel: (212) 248-7906
Fax: (212) 248-7908

James A. Francis*
John Soumilas*
David A. Searles*
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Tel: (215) 735-8600
Fax: (215) 940-8000

* *Pro Hac Vice* applications forthcoming